

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. Simmons
County Auditor
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-7474

Re: Does the Commissioners' Court
of Henderson County have the
authority to employ an attorney
to act as legal advisor for the
Court and expend county funds
to pay him a monthly fee or
salary for said services?

We have received your inquiry as to whether or not the
Commissioners' Court of Henderson County has authority to employ an
attorney to act as legal advisor for the Court and expend county
funds to pay him a monthly fee or salary for said services.

We quote from Texas Jurisprudence, Vol. 11, page 575, as
follows:

"The Commissioners' Court has power to employ
attorneys to assist the regular constituted officers
of the county in the prosecution of its claims and
suits, and to pay for such services out of the county
funds. It seems, however, that the Commissioners'
Court does not have the power to deprive the County
Attorney of his rightful authority in this regard. The
employment of counsel is restricted to special cases
where the services of an attorney are required; nor has
the Court power to make an order which will warrant the
payment of county money to an attorney for services
neither required nor performed. Adams v. Seagler, 250
S.W. 413; Gibson v. Davis, 236 S.W 202; Grooms v.
Atascosa County, 32 S.W. 188."

The Commissioners' Court may employ counsel and compensate
him from the general fund when the matters involved are those con-
cerning the county as a whole, where the regularly constituted public
officials could not or would not act, or where public interest was so
great as to warrant such extra-legal services. City National Bank v.
Presidio County, 26 S.W. 775; Galveston County v. Gresham, 220 S.W.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

560, error refused; Opinions of the Attorney General of Texas No. O-4955 and No. O-1372.

Article 334, Vernon's Annotated Civil Statutes, was intended to impose a duty upon the County and District attorneys to give advice to the Commissioners' Court when request is made therefor, but this is not a restriction upon the Commissioners' Court in the employment of attorneys to advise and render services to the Court in important matters coming before it for its consideration. Gibson v. Davis, 236 S.W. 202.

In the case of Grooms v. Atacosa County, 32 S.W. 1380, the Commissioners' Court sought to employ an attorney as legal advisor for one year. The Court of Civil Appeals held that the Commissioners' Court was not authorized to make such a contract, and could not pay an attorney for services neither required nor performed.

The decisions on this question have contemplated employment and remuneration of counsel by the Commissioners' Courts only for a specific litigation, or advice on a particular matter or problem.

It is our considered opinion that the law does not intend that the Commissioners' Court shall employ counsel on a salary basis to advise and represent it in whatever matters might arise.

Therefore, we answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _William B. Henley, Jr._
William B. Henley, Jr.
Assistant

APPROVED NOV 8 1946

_Harris Toler_
FIRST ASSISTANT
ATTORNEY GENERAL

WBH:djm


APPROVED
OPINION
COMMITTEE
BY BWT